**John KING, Jr., Anthony Bernard, and Omar Parker, Plaintiffs–Appellants,**

v.

**Officer Nicholas BRANDO and Officer Peter Lang, Defendants–Appellees.**

**No. 07–3678–cv.**

United States Court of Appeals, Second Circuit.

Dec. 18, 2008.

UPON CONSIDERATION WHERE- OF, IT IS HEREBY ORDERED, AD- JUDGED, AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

K.C. Okoli, New York, NY, for Appel- lants.

Dennis J. Saffran, Deputy County Attor- ney (Lorna B. Goodman, County Attorney of Nassau County, and Gerald R. Podle- sak, Deputy County Attorney, on the brief), Mineola, NY, for Appellees.

PRESENT: JOSÉ A. CABRANES, REENA RAGGI and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Plaintiffs John King, Jr., Anthony Ber- nard, and Omar Parker appeal a judgment of the District Court, entered on August 1, 2007, following a jury verdict in favor of defendants Nicholas Brando and Peter Lang, two Nassau County Police Officers. Plaintiffs had alleged that Officers Brando and Lang engaged in racial profiling dur- ing a traffic stop in January 2004 in viola- tion of their Fourth Amendment right to be free from unreasonable searches and seizures. The action was brought under 42 U.S.C. § 1983 and was originally styled as a class action, although plaintiffs never sought class certification. On appeal, plaintiffs challenge two aspects of the Dis- trict Court's instructions to the jury and argue that the verdict is internally incon- sistent. We assume the parties' familiari- ty with the underlying facts and procedur- al history.

We review challenges to a District Court's jury instructions *de novo* and ap- ply a harmless error analysis to arguments that a jury instruction was legally or factu- ally erroneous. *See Gordon v. New York City Bd. of Educ.*, 232 F.3d 111, 116 (2d Cir.2000) ("An error is harmless only if the court is convinced that the error did not influence the jury's verdict."); *see also LNC Invs., Inc. v. First Fidelity Bank, N.A. New Jersey,* 173 F.3d 454, 460 (2d Cir.1999) ("A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately in- form the jury on the law." (internal quota- tion marks omitted)). Whenever possible, we interpret a jury's verdict so as to ren- der it internally consistent. *See Robinson v. Cattaraugus County,* 147 F.3d 153, 160 (2d Cir.1998).

*The "Existing" Marijuana Charge*

Plaintiffs argue that the District Court erred in instructing the jury that a state prosecution against King for possession of marijuana had not been dismissed, but was instead "adjourned in contemplation of dis- missal." According to plaintiffs, the mari- juana charge had been adjourned in con- templation of dismissal and sat inactive for over 12 months. Therefore, under New York Law, the case was effectively dis- missed. *See* N.Y. C.P.L. 170.56(2) ("Upon ordering the action adjourned in contem- plation of dismissal, the court must set and specify such conditions for the adjourn- ment as may be appropriate ... except that the total period of adjournment *shall not exceed twelve months* .... If the case is not so restored to the calendar during the period fixed by the court, the accusato- ry instrument is, at the expiration of such period, *deemed to have been dismissed in the furtherance of justice*." (emphases add- ed)).

■ We need not resolve the question whether N.Y. C.P.L. 170.56(2) indicates that the marijuana charges were effective- ly dismissed because any error in the Dis- trict Court's instruction was harmless. The District Court told the jury that the criminal case against King "was in a state of adjournment in contemplation of dis-

missal, but there is no evidence in this court before you that it was dismissed." (Trial Tr. 737.) Although the jury specifically inquired about the status of the criminal case against King, it is unclear what role the status of that prosecution might have played in their decision. Based on the entire record before us, we cannot say that there was much difference between informing that jury that the criminal case had been "adjourned in contemplation of dismissal" and telling the jury that the case had been "dismissed."

Plaintiffs argue that the District Court's instructions on the status of the state prosecution damaged King's credibility and their attorney's credibility. To the extent that King's credibility was diminished by the Court's charge on the status of the criminal case, the effect was *de minimis.* King's credibility was already damaged by his inaccurate testimony (which he concedes on appeal) that the marijuana found during the traffic stop had been suppressed. Regarding trial counsel's credibility, it is hard to understand how a technical distinction between an "adjournment in contemplation of dismissal" and a "dismissal" would have damaged an attorney's credibility, especially when the District Court described the issue to the jury as "a technical procedure in the state courts." (Trial Tr. 681.) We therefore conclude that any error regarding the status of the state prosecution was harmless.

*Damages Instruction*

■ Plaintiffs argue that the District Court erred in instructing the jury that it could not award different compensatory and nominal damages to different plaintiffs. Assuming *arguendo* that the District Court was mistaken, any error was harmless because the jury did not find the defendants liable. The jury stated unequivocally in their note of July 25, 2007 at 12:10 p.m. that they "unanimously agree[d]

that the Plaintiffs are *not* entitled to any damages under *any* circumstances" (emphases in original). Because the jury did not find the defendants liable, the allocation of damages among the plaintiffs is irrelevant.

*Inconsistent Jury Verdict*

■ Finally, plaintiffs argue that the judge erroneously accepted an inconsistent jury verdict. Plaintiffs point out that the jury stated in a note that they were "at an impass [sic]" regarding whether the marijuana recovered from King's vehicle was in plain view. According to plaintiffs, this statement is inconsistent with another statement in the same note, dated July 27, 2007 at 12:10 p.m., indicating that the jury had decided not to award damages. The District Court treated this note as a verdict sheet

In this case, the jury's impasse was consistent with the jury's other unanimous conclusions, especially their conclusion that the plaintiffs were not entitled to any damages. As the District Court stated in its charge—without objection from plaintiffs—plaintiffs carried the burden to prove by a preponderance of the evidence that the marijuana was not in plain view. In this case, plaintiffs were simply unable to convince the jury that the marijuana was not visible and were therefore not entitled to any damages. Under these circumstances, and in light of our obligation to interpret a verdict as internally consistent whenever possible, *see Robinson,* 147 F.3d at 160, we disagree with plaintiffs.

In light of the foregoing, the judgment of the District Court is **AFFIRMED.**